# MEMORANDUM DECISION

# ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric D. Lacy, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 21, 2015 <br><br> Court of Appeals Case No. 79A05-1412-CR-590 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause No. 79D01-1310-FB-28 |

**Kirsch, Judge.**

[1] Eric D. Lacy appealed his convictions after a jury trial for auto theft as a Class D felony, illegal drug lab as a Class C felony, possession of a syringe as a Class D felony, possession of paraphernalia as a Class A misdemeanor, conspiracy to commit burglary as a Class B felony, conspiracy to commit theft as a Class D felony, burglary as a Class C felony, two counts of theft, each as a Class D felony, and his adjudication as a habitual offender. Lacy petitions for rehearing following our memorandum decision in *Lacy v. State*, No. 79A05-1412-CR-590 (Ind. Ct. App. Oct. 21, 2015), where we affirmed his convictions in part and reversed his conviction for possession of a syringe. We reaffirm our holding, but grant rehearing for the limited purpose of making two corrections to our earlier opinion.

[2] First, Lacy asserts that he was not convicted of Class B felony possession of methamphetamine and Class C felony possession of a schedule IV controlled substance as was stated in our memorandum decision because these offenses had been dismissed by the State prior to his jury trial. Lacy is correct in his contention as, on October 6, 2014, the trial court granted the State's motion to dismiss these two counts. We, therefore, correct our opinion to reflect that Lacy was not convicted of either Class B felony possession of methamphetamine or Class C felony possession of a schedule IV controlled substance.

[3] Second, Lacy contends that this court erred in stating that he signed a written consent to search form at the time the police sought his consent to search the apartment, and therefore, his consent was not validly obtained. Although Lacy

is correct that the record does not reflect that he signed the consent form, we disagree that this changes our determination that his consent was validly obtained. "The voluntariness of the consent to search is to be determined by considering the totality of the circumstances[, and] [a] consent to search is valid except where it is procured by fraud, duress, fear, intimidation, or where it is merely a submission to the supremacy of the law." *Bulthuis v. State*, 17 N.E.3d 378, 383 (Ind. Ct. App. 2014), *trans. denied*.

[4]     Here, after Lacy exited the apartment, he was provided with a written consent to search form, which was read to him by one of the officers. The form advised Lacy that he had a Constitutional right: (1) not to have a search conducted of the premises and vehicles under his control; (2) to refuse to consent to such a search; (3) to have an attorney appointed for him if he could not afford one; and (4) to consult with an attorney before deciding whether to consent to the search. *State's Ex.* 28. After being read the consent form, Lacy verbally consented to a search of the apartment. *Tr.* at 261-62. At that time, there were several officers present in uniform and at least one detective in plain clothes, and the officers were not deceptive as to their identity or the purpose of the search. The reading of the consent form and Lacy's verbal consent to search occurred on the front porch of the apartment in the early afternoon, and when the officers spoke to Lacy, they did not make any express or implied claim of authority to search without Lacy's consent. Nothing in the record suggested that Lacy was unable to understand the consent form, and the trial court was aware that Lacy had multiple prior encounters with law enforcement as he was facing allegations of

being a habitual offender.  Therefore, although we correct our previous opinion to the extent that it stated that Lacy signed a written consent to search form, we still conclude that, based on the totality of the circumstances, the trial court did not abuse its discretion in determining that Lacy voluntarily consented to the search of the apartment.

[5] Affirmed on rehearing.

Najam, J., and Barnes, J., concur.